405 S.W.2d 64 (1966)
The GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Petitioner,
v.
Wilbur Jack SCOTT, Respondent.
No. A-11246.
Supreme Court of Texas.
June 29, 1966.
Rehearing Denied July 20, 1966.
Locke, Purnell, Boren, Laney & Neely, Larry M. Lesh, with above firm, Dallas, for petitioner.
Earl Luna, Dallas, for respondent.
*65 POPE, Justice.
The question presented by this appeal is whether the Devereaux Foundation of Victoria, Texas, is a hospital as that term is defined in a major medical expense policy issued to plaintiff, Wilbur Jack Scott, by The Guardian Life Insurance Company of America. Guardian moved for a summary judgment because the Foundation was not a hospital, within the policy definition; and the trial court granted the motion. The Court of Civil Appeals reversed that judgment and remanded the case for trial. 397 S.W.2d 463. We reverse the judgment of the intermediate court and affirm the judgment of the trial court.
Guardian issued a major medical expense policy to Wilbur Jack Scott in February 1955. In September 1962, Scott's fourteen-year-old son was confined as a patient at the Devereaux Foundation of Victoria for treatment of a nervous disorder and is still a patient at that institution. The Foundation has made a monthly charge of $450.00 for its services and treatment. Guardian urged in its motion for summary judgment that the Devereaux Foundation did not fall within the policy requirement that the patient must be confined in a hospital as that term was defined in the policy. The pertinent policy provisions are:
"Charges Not Covered. * * * The Company will not pay any benefits for any of the following charges, nor may they be applied to the satisfaction of the applicable deductible amount. * * * 4. Charges for the care or treatment of mental or nervous disorders, except such charges incurred while the covered person on whose behalf they are incurred is confined in a hospital. * * *"
"General Definitions. * * * HOSPITAL means a legally constituted and operated institution which has organized facilities for the care and treatment of sick and injured people on an in-patient basis, including facilities for diagnosis and major surgery, twenty-four hour nursing service, and medical supervision. * * *"
The policy defines a hospital as an institution which, among other requirements, "has facilities * * * including facilities for diagnosis and major surgery." There was no dispute in the showing at the summary judgment hearing that there are no facilities for X-ray, laboratory work, or major surgery at the Devereaux Foundation. The policy states that charges for care and treatment of mental or nervous disorders are not covered except while the covered persons are confined in a hospital, which must have those diagnostic and surgical facilities. The Foundation's administrator stated in his deposition that the Foundation had access to the facilities of one or more Victoria hospitals with which the Foundation's doctors were associated. That does not satisfy the policy definition for a hospital.
The Devereaux Foundation under the policy is the institution which must provide the in-patient care and treatment and have the facilities described. Terms used in an insurance contract are given their ordinary and generally accepted meaning unless the policy shows the words were meant in a technical or different sense. Western Reserve Life Insurance Company v. Meadows, 152 Tex. 559, 261 S.W.2d 554, 557 (1953). A policy which provides coverage only if it "has" stated facilities does not mean that there is coverage if it "has access" to such facilities in another institution at a different place. The word "have," or "has" which is the third person singular present indicative of the same word, means to hold in possession or control, to hold, to own. Black, Law Dictionary (4th ed. 1951); 39 C.J.S. p. 781; Webster, Third New International Dictionary (1961); 19 Words and Phrases 82.
Plaintiff Scott relies upon Travelers Insurance Company v. Esposito, 171 So.2d 177, (Fla.Ct.App.1965). That case also concerned a claim for medical expenses incurred by a patient of the Devereaux *66 Foundation of Victoria. The court held that the Foundation was a hospital within the meaning of the term as defined by the policy. The opinion is fully quoted in the opinion of the Court of Civil Appeals, cited above. The term "hospital" as used in the Florida policy was defined differently and less strictly than in Guardian's policy. It is our opinion that the policy in this case is unambiguous; and the undisputed facts show that the Foundation does not fall within the term, "hospital," as defined by the policy.
The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.