James F. MERTES, Appellant,

v.

**CALIFORNIA–WESTERN STATES LIFE INSURANCE COMPANY, Appellee.**

No. 5331.

Court of Civil Appeals of Texas, Waco.

June 20, 1974.

Sheehy, Cureton, Westbrook, Lovelace & Nielsen, Benjamin N. Hamilton, Waco, for appellant.

Bryan, Wilson, Olson & Stem, Keith E. Farr, Waco, for appellee.

OPINION

JAMES, Justice.

This is a suit on a group hospitalization policy. The question before us is whether The Oaks Residential Treatment Center, in Austin, Texas, is a "hospital" as defined in the insurance policy under which hospital benefits were sought. We hold that this treatment center was not a "hospital" as defined in said policy, and affirm the judgment of the trial court.

The daughter of Plaintiff-Appellant James F. Mertes had developed serious emotional problems and a personality disorder, and as a result, she was admitted on an in-patient basis to The Oaks Residential Treatment Center on January 11, 1972, and remained there as a patient undergoing psychiatric treatment for 374 days, until on or about January 19, 1973. "Oaks" is a private psychiatric hospital specializing in the diagnosis and treatment of emotionally disturbed children and adolescents, and is licensed by the Texas State Department of Mental Health and Mental Retardation. The Oaks charged Appellant $1050.00 per month for the daughter's care and treatment.

Plaintiff-Appellant James F. Mertes and his daughter were insured under a group hospitalization policy issued by Defendant-Appellee California-Western States Life Insurance Company. The policy in question is twenty-seven pages long. Part A, which is on page 18 of the policy, in effect provides coverage for general hospital expenses such as room and board and nonmedical expenses and items. No specific coverage of nervous and emotional disorders is provided under Part A, and no claim is made by Appellant under this portion of the policy.

Part B, beginning at page 19, provides benefits for primarily medical charges, including services of a doctor, laboratory and drug expense, blood, x-rays, anaesthetics, prosthetic devices, and like matters. In effect under Part B of the policy the insured was provided coverage for 80% of these medical expenses after a $50.00 deductible was subtracted from the total for each calendar year, while such insured is confined in a "hospital" (as that term is defined in the policy) as a registered bed patient. Appellant claims that his daughter was confined in a "hospital" (within the meaning of the definition of that term in the policy) while a patient at The Oaks, and he is therefore entitled to a net recovery of $3911.68 for such medical expenses plus 12% penalty in the amount of $469.40 and reasonable attorney's fees as provided by Section 3.62 of the Insurance Code, Vernon's Annotated Texas Civil Statutes.

Part B also contained the following language, governing situations where the insured is not confined in a hospital:

"The treatment of any mental illness or functional nervous disorder is covered as provided above, except that when the Covered Person is not confined in a hospital as a registered bed patient, coverage is subject to special provisions as follows:

1. Charges in excess of $25.00 per day will be excluded from Covered Charges, and

2. no more than $500.00 will be paid for such treatment in any calendar year subject to the maximum amount shown in the 'Schedule of Benefits.' "

The policy on page 2 sets out the definition of the term "hospital" as follows:

"The word 'hospital' *wherever used herein* means only an institution which (1) is primarily engaged in providing—for compensation from its patients and on an inpatient basis—diagnostic and therapeutic facilities for the surgical and medical diagnosis, treatment, and care of

injured and sick individuals by or under the supervision of a staff of doctors, (2) continuously provides 24 hours a day service by Registered Nurses, and (3) is not a place for rest, a place for the aged, a place for drug addicts, a place for alcoholics, a nursing home, or convalescent hospital."

After a non-jury trial, the trial court awarded Plaintiff-Appellant Mertes a judgment against the Defendant-Appellee Insurance Co., in the amount of $656.50 plus 12% statutory penalty in the amount of $78.78 plus $500.00 attorney's fees (said penalty and attorney's fees being allowed pursuant to Section 3.62 of the Insurance Code, V.A.T.C.S.), or a total of $1235.28 and costs. The amount of the judgment was necessarily based upon the Appellant's daughter not being confined in a "hospital."

Plaintiff-Appellant contends that the trial court erred in restricting his recovery to only those benefits payable where the insured is not confined in a "hospital," because he says the evidence conclusively established that his daughter was so confined. There is no question but that Plaintiff's daughter was confined as a bed patient in "The Oaks;" however, the ultimate question is whether The Oaks was a "hospital" within the policy definition of that term. We hold that The Oaks did not fit within the definition of a "hospital," and overrule such contention.

The undisputed evidence shows that The Oaks is not an institution primarily engaged in providing (for compensation from its patients and on an in-patient basis) diagnostic and therapeutic facilities for the surgical and medical diagnosis and treatment and care of injured and sick individuals by or under the supervision of a staff doctor. Further, The Oaks was not an institution primarily engaged in providing facilities for surgical treatment of injured and sick individuals. The Oaks had no surgical facilities on the premises, but only a first-aid office for minor surgery only.

The Oaks is not primarily engaged in providing surgery when surgery is needed or indicated. In the event a patient incurred a surgical condition, The Oaks had a contractual arrangement with a local general hospital, to wit, Breckenridge Hospital in Austin, Texas, for the surgical diagnosis and treatment of such condition. In other words, if a patient at The Oaks needed surgery, then such surgery was performed elsewhere, namely, at Breckenridge Hospital.

The testimony is undisputed that the psychiatric profession does not consider surgery to have a major place in the diagnosis and treatment of mental and emotional illnesses. There are some chronic, severe conditions in which research is being conducted to determine the place surgery might have in diagnosis and treatment (of mental illnesses), but this type of treatment is used only in rare cases. Dr. Jackson R. Day, Director of The Oaks, testified that during the entire four years since he became Director of The Oaks, none of the patients would have been benefited by surgical treatment, and that the addition of surgical facilities at The Oaks would have been "useless."

So the specific question posed before us is this: Does the failure of The Oaks to have surgical facilities on its premises cause said institution to fail to meet the policy definition of a "hospital?" Appellant argues that failure to have surgical facilities does not keep The Oaks from being a "hospital" because (1) The Oaks has contractually provided for surgical facilities for its patients elsewhere, at Breckenridge Hospital, and (2) surgery is rarely ever used in treatment of mental and emotional illnesses anyway. Appellant contends that to require a treatment center for mental and emotional illnesses to have surgical facilities in order for insurance coverage to be effective is impractical, and has the effect of rendering the coverage of an insured with a mental illness worthless. Appellant says under this line of reasoning, if such a mentally ill insured goes to a general hospital which has surgical facilities, he has insurance coverage, but does not get the treatment he needs; while if such insured goes to a psychiatric hospital, he gets the treatment needed, but without any substantial insurance coverage.

The question raised by Appellant's argument has been foreclosed against him in Guardian Life Insurance Company v. Scott (Tex.Sup.Ct.1966), 405 S.W.2d 64. In *Scott*, the policy definition of "hospital" required, among other things, that the institution have "facilities for diagnosis and major surgery." The institution in question had no facilities for major surgery, but had access to facilities for major surgery in one or more hospitals in the same city. The policy in *Scott* provided that charges for care and treatment of mental or nervous disorders are not covered except while the insured is confined in a "hospital." Our Supreme Court there held the institution in question to fail to meet the Policy definition of "hospital," holding: "A policy which provides coverage only if it 'has' stated facilities does not mean that there is coverage if it 'has access' to such facilities in another institution at a different place." Applying the rule announced in *Scott* to the case at bar, we hold that The Oaks does not fall within the term "hospital" as defined by the policy. Also see Aetna Life Insurance Co. v. Adams (Beaumont, Tex. Civ.App.1969), 447 S.W.2d 453, error refused NRE, and Aetna Life Insurance Co. v. Deckard (Amarillo, Tex.Civ.App. 1972), 488 S.W.2d 487, error refused NRE.

Our disposition of Appellant's first point of error renders his second point moot.

By way of several cross-points Appellee presents questions relating to the admission and sufficiency of proof of Appellant damages. No useful purpose could be served by a detailed discussion of these points. Cross-point number four is sustained; however, other proof in the record (which was properly admitted) is sufficient to support the judgment; therefore, this point is

not material to a disposition of the case or any part thereof. Appellee's other cross-points are overruled.

Judgment of the trial court is affirmed.

Affirmed.