Ray THOMAS & WZMH,
INC., Appellants,

v.

AETNA LIFE INSURANCE
COMPANY, Appellee.

No. 2–85–035–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 19, 1985.

Jackson, Walker, Winstead, Cantwell & Miller and Dennis N. Ryan and Michael L. Knapek, Dallas, for appellants.

Bailey & Williams and Kevin J. Keith, Dallas, for appellee.

Before BURDOCK and HOPKINS, JJ., and HUGHES, J., Retired (sitting by assignment).

OPINION

HOPKINS, Justice.

This is an appeal from a summary judgment decreeing that Aetna Life Insurance Company was not liable under its group policy for certain expenses incurred by appellant Thomas, for treatment of his dependent son at The Oaks Treatment Center of The Brown Schools in Austin, Texas.

Appellant alleges four points of error; however, each is governed by the determination of whether The Oaks Treatment Center was a "hospital" as that term is defined in the policy of insurance. We affirm the granting of summary judgment.

Thomas was vice president of WZMH, Inc. and was covered by a group insurance policy that was issued by Aetna for the employees of WZMH and their dependents.

The dependent son of Thomas incurred medical expenses related to psychiatric treatment first at Sunrise Hospital in Arlington, Texas, later at Baylor Hospital in Dallas, Texas and finally at The Oaks Treatment Center in Austin, Texas. Aetna paid the covered expenses incurred at Sunrise and Baylor but denied payment of expenses incurred at The Oaks, because such facility was not a "hospital" as defined in their policy as follows:

*Hospital*—An institution meeting all of the following tests:

It engages primarily in providing, on an inpatient basis, diagnostic and therapeutic facilities for surgical and medical diagnosis, treatment, and care of injured and sick persons.

Its services are provided for compensation by its patients and under the supervision of a staff of physicians.

It provides 24-hour per day registered graduate nursing (R.N.) services.

It is not, other than incidentally, a nursing home, a place for rest, or for the aged, drug addicts or alcoholics.

The parties stipulated that The Oaks did not have surgical facilities on its premises. Evidence established that The Oaks had an arrangement with Brackenridge Hospital, in Austin, and Minor Emergency Center South, in Austin, to provide medical and surgical facilities upon request. When a patient of The Oaks was transferred to one of the hospitals, there was no discharge issued by The Oaks and the bills for services and facilities provided by Brackenridge or Minor were sent to The Oaks and not directly to the patient.

The issue for determination is whether The Oaks engages primarily in providing, on an inpatient basis, diagnostic and therapeutic facilities for surgical and medical diagnosis, treatment and care through its arrangement with Brackenridge and Minor. We agree with the trial court in its determination that such arrangements did not comply with the policy definition.

Terms used in contracts of insurance are to be given their plain, ordinary and generally accepted meaning unless the instrument itself shows them to have been used in a technical or different sense. *Guardian Life Insurance Co. of America v. Scott*, 405 S.W.2d 64, 65 (Tex.1966). We find nothing technical nor ambiguous in the policy language requiring that a facility be engaged "primarily in providing, on an inpatient basis," certain facilities before it will be recognized as a hospital.

The obligatory "on an inpatient basis" clause demands that, to qualify under the policy definition, the hospital must provide the requisite facilities in that facility itself and not in a hospital at another location. *Aetna Life Insurance Company v. Deckard*, 488 S.W.2d 487, 489 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.). Thomas would distinguish the instant case on the basis that no formal discharge of the patient by The Oaks is made when there is a transfer to Brackenridge. We hold that mere bookkeeping procedures are not determinative of inpatient status. An inpatient of a hospital is one who receives lodging and food as well as treatment. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1167 (1981).

The question presented here for determination was squarely confronted in *Mertes v. California-Western States Life Ins. Co.*, 511 S.W.2d 609 (Tex.Civ.App.—Waco 1974, no writ). In *Mertes*, the court considered circumstances and policy provisions similar, if not identical to the instant case, and the Waco court held that The Oaks Residential Treatment Center in Austin, Texas, was not a hospital although it had a contractual arrangement with Brackenridge Hospital of Austin. Thomas contends that the Waco court incorrectly relied on *Guardian Life Insurance Co. of America v. Scott*, 405 S.W.2d 64, because the policy in *Scott* defined a hospital as one that "has" facilities instead of the requirement of "providing" facilities. *Id.* at 65. We disagree. To hold that an institution meets the criteria of engaging "primarily in providing, on an inpatient basis," certain specific facilities by arranging for some other institution to provide such facilities would, in our opinion, constitute a flagrant distortion of the plain, ordinary and generally accepted understanding and meaning of the clause under consideration.

We hold that The Oaks Treatment Center of The Brown School in Austin, on the date in question, was not a "hospital" as that term was defined in the policy of insurance. Thomas' first point of error is overruled.

In view of our holding on the first point, it is not necessary to discuss Thomas' remaining points of error, all of which are overruled.

Judgment of the trial court is affirmed.