NATIONAL FAMILY CARE LIFE INSURANCE CO., Appellant,

v.

Frank R. KUYKANDALL, Jr., Appellee.

No. 04–84–00459–CV.

Court of Appeals of Texas, San Antonio.

Jan. 15, 1986.

Warren E. Zimmerman, Dallas, for appellant.

Tuck R. Chapin, San Antonio, for appellee.

Before BUTTS, CANTU and REEVES, JJ.

## OPINION

REEVES, Justice.

Appellant, National Family Care Life Insurance Company, seeks reversal of this case on the grounds that the hospitalization of Frank R. Kuykendall, Jr., appellee, fell within a noncompensable exception to the policy.

Appellant insured appellee, contracting to pay $300.00 per day in the event he was hospitalized in an intensive care unit.

Appellee became ill and was first confined in the Intensive Care Unit (ICU) at the Medical Center Hospital where he was diagnosed as suffering from a pulmonary embolus.[1] The payment of this portion of appellee's hospitalization is not contested. After three days in the Medical Center Hospital's ICU, appellee's doctor ordered his transfer to an equivalent unit at the San Antonio Community Hospital. Appellee was placed in a part of the hospital designated as the Coronary Care Unit (CCU) where he remained for 27 days. The area designated as the ICU is contiguous to the CCU.

Appellant refused to pay for the $300.00 per diem rate, contending that confinement in the San Antonio Community Hospital fell within an exception enumerated in the insurance policy. A jury found to the contrary and the trial court granted judgment to appellee for the time he was confined to the CCU.

■ Appellant asserts the trial court erred in the following:

1. in entering judgment for appellee because, as a matter of law, the confinement in the CCU was expressly excluded from the contract;

2. the undisputed evidence displays that appellee was not confined in a medical care unit covered under the contract;

3. there was no evidence or insufficient evidence to support appellee's claim to medical payment coverage; and

4. in overruling appellant's objections to the jury charge and failing to submit appellant's requested issues and instructions.

The standard of review for a "no evidence" assertion requires that the court consider only evidence tending to support the finding, viewing it in the most favorable light in support of the finding, giving effect to all reasonable inferences that may properly be drawn therefrom and disregarding all evidence which is conflicting or contrary. *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400, 401 (Tex.1981).

■ The standard of review for an insufficient evidence assertion requires that the court consider and weigh all the evidence and set aside the judgment if we conclude that the finding is clearly wrong and unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

■ If the insurance contract is ambiguous or uncertain, it will be construed liberally in favor of the insured and strictly against the author of the contract, the insurer. *United States Fidelity & Guaranty Co. v. Bimco Iron & Metal Corp.,* 464 S.W.2d 353, 355 (Tex.1971); *Zimmerman v. National Home Life Assurance Co.,* 517 S.W.2d 842, 845 (Tex.Civ.App.—Waco 1974, writ ref'd n.r.e.). Our Supreme Court in *Hardware Dealers Mutual Insurance Co. v. Berglund,* 393 S.W.2d 309, 314 (Tex. 1965) stated:

> The language used in the policies must be construed according to the evident intent of the parties, to be derived from the words used, the subject matter to which they relate, and the matters naturally or usually incident thereto, and it is only when the words admit of two constructions, that one will be adopted most [sic] favorable to the insured. [Citations and emphasis omitted.]

■ It is undisputed that appellant's contract of insurance excepts from coverage confinement by the insured in a CCU. The contract provides, in pertinent part:

---

1. Pulmonary Embolus: The obstruction of an artery in a lung by an embolus or blood clot. 3

J.E. Schmidt, M.D., *Attorney's Dictionary of Medicine,* 317 (1985).

COVERED CONFINEMENT: Covered Confinement shall mean the occurrence or all of the following conditions:

1. The Covered Person is necessarily confined in a Hospital Intensive Care Unit (Hospital ICU).

EXCLUSIONS AND LIMITATIONS: This policy does not cover confinement in coronary care units, neonatal intensive care units, or step-down units such as progressive care, sub-acute intensive care, intermediate care units, private monitored rooms, observation units or other facilities which do not meet the standards of 'Hospital ICU' as defined above.

It is also undisputed that appellee was receiving treatment in ICU at the Medical Center Hospital, and his doctor, Raymond P. Harle, ordered that he be placed in a like environment when transferred to the San Antonio Community Hospital. The doctor was evidently satisfied with the care received in the area designated CCU as his patient remained there for 27 days. Appellee's problem was diagnosed pulmonary embolus. The CCU and the ICU were side by side and Dr. Harle said the treatment in both units was comparable. He testified as follows:

Q: And did you undertake his care and treatment at that time?

A: That's correct.

Q: What did you recommend be done for him?

A: Be transferred to an equivalent unit at Community Hospital.

Q: What was that equivalent unit?

A: In this case it was the coronary care unit.

Q: And what was it specifically—did you intend to specifically put him in a coronary care unit or looking for intensive care unit, whatever was available at the hospital?

A: At that time he had to go into intensive care unit and in other words these were back to back at Community Hospital and one is interchangable with the other in my opinion.

The hospital staff originally billed appellee for confinement in the CCU but changed the billing to care in ICU because of the diagnosis and because appellee was not listed as a coronary patient. The cost of the care is the same in either facility.

Appellant has not defined "coronary care unit" in its insurance contract. It is apparent, however, that at the time appellant authored that portion of its contract excluding confinement in a CCU, it considered care in that type of unit inferior to care in a "Hospital ICU." The absence of a comma following the word *facilities* indicates that the clause following it, "which do not meet the standards of ICU as described above," is a restrictive clause modifying facilities and limiting its meaning to only those facilities which do not meet the standards of ICU as described above. The use of "other" in combination with the restrictive clause indicates that all the specifically listed units are considered "facilities which do not meet the standards of ICU as described above." Appellant did not choose to define "coronary care unit" more specifically, but it did define "Hospital Intensive Care Unit" as:

'Hospital ICU' shall mean only that specifically designated facility of the hospital that provides the highest level of medical care and which is restricted to those patients who are physically, critically ill or injured. Such facilities must be separate and apart from the surgical recovery room and from rooms, beds, and wards customarily used for patient confinement. They must be permanently equipped with special life-saving equipment for the care of the critically ill or injured, and they must be under the constant and continuous observation by nursing staffs assigned on a full-time basis, exclusively to the Hospital Intensive Care Unit.

The trial court used appellant's definition of an ICU in its special issue when asking the jury if appellee was confined and treated as a patient in an ICU at San Antonio Community Hospital. The jury answered in the affirmative.

The contract clearly evinces an intent to cover the care that appellee received, regardless of the label given to the part of the hospital where he received the care. The evidence is more than sufficient that he received intensive care even though he was located in a portion of the hospital styled CCU.

Appellant would have us exclude the CCU from coverage on the basis of its label or its designation, but the ICU is not defined only by its label. The ICU is defined according to the standard of care available. Distinguishing the two units on the basis of label while defining only one and not the other is like comparing apples to oranges and creates an ambiguity to be construed most strongly against the insurer.

Appellant's points of error one through three are overruled.

Appellant's objection to the charge is that the following special issue comments on the weight of the evidence. The special issue asks if appellee was confined and treated as a patient in an Intensive Care Unit of the San Antonio Community Hospital for a period of 29 days during July and August of 1982. We fail to see how the issue comments on the evidence, and appellant cites us no authority for this contention.

Appellant also complains that the trial court erred in not submitting a conditional issue, based on an affirmative answer to special issue one, which asks, "If you have answered—issue number one 'yes, he has,' then do you find that said intensive care unit was designated by the hospital as the coronary care unit?" The appellee's location in the hospital was uncontroverted and in any event is not a controlling issue. Texas Rules of Civil Procedure, Rule 279 (Vernon 1976). As we have already stated, the name of the unit where appellee was confined was, in this case, of secondary importance to the treatment he received. Moreover, the requested issue is an inferential rebuttal issue since it seeks to disprove the existence of an essential element submitted in another issue, *Select Insurance Co. v. Boucher*, 561 S.W.2d 474, 477 (Tex.1978), and should not be submitted.

Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.