KILBURN *v.* UNION MARINE & GENERAL
INSURANCE COMPANY, LTD.

1. INSURANCE—APPLICATION—POLICY—ALTERATION BY PAROL.

    After an insured has purchased his insurance, the terms of his
    written application therefor or the provisions of the policy as
    issued could not be altered by a statement of the insurer's
    agent or solicitor.

2. SAME—AMBIGUITY—CONSTRUCTION OF CONTRACTS.

    The construction of an unambiguous contract of insurance is a
    matter for determination by the trial court and is not an issue
    for the jury.

3. SAME—AIRPLANES—OPERATION IN VIOLATION OF REGULATIONS—
    WAIVER.

    Under contract of insurance whereby insurer was not liable for
    damages to airplane while it was being operated in violation of
    Civil Aeronautics Administration's regulations in that insured,
    a student pilot, piloted the plane while it was carrying a pas-
    senger at time plane came into contact with a high-tension
    wire and was damaged, trial court was in error in submitting
    to the jury as an issue of fact whether the contract limitation
    was waived by insurer's agent after plaintiff had purchased
    the insurance.

4. TRIAL—SUBMISSION TO JURY OF QUESTIONS NOT INVOLVED.

    Where the matter of whether or not there was a causal relation
    between plaintiff insured's violation of administrative regula-
    tion as to operation of airplane and the damage to his plane
    while it was so operated is not involved in insured's action
    against insurer, it was error for court to submit such issue
    to jury.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur, Insurance, § 238 *et seq.*
[2] 29 Am Jur, Insurance, § 1530; 53 Am Jur, Trial, § 268.
[3, 4] 29 Am Jur, Insurance, § 1527; 53 Am Jur, Trial, § 573 *et
    seq.*

Appeal from Kalamazoo; Sweet (Lucien F.), J. Submitted October 12, 1949. (Docket No. 11, Calendar No. 44,483.) Decided December 7, 1949. Rehearing denied January 9, 1950.

Assumpsit by Harold Kilburn against Union Marine & General Insurance Company, Ltd., on an insurance policy. Verdict and judgment for plaintiff. Defendant appeals. Reversed and remanded for entry of judgment for defendant.

*James B. Stanley,* for plaintiff.

*Howard & Howard,* for defendant.

North, J. Plaintiff Harold Kilburn was the owner of an airplane on which he procured insurance from the defendant company on the 4th day of June, 1947. On the same day the policy was dated, but after it became effective, plaintiff while on a flight in his plane had an accident. In a suit on the policy to recover his damages thus sustained plaintiff had judgment for $675. Defendant has appealed, claiming that at the time of the accident plaintiff was flying his airplane in violation of the terms of the insurance contract and therefore was not entitled to recover. The case was tried by jury, and at the conclusion of the proofs defendant moved for a directed verdict on the ground that since at the time of the accident plaintiff was operating the plane in violation of regulations the risk was not covered. This motion was taken under advisement, and later defendant's motion for judgment notwithstanding verdict was heard and denied.

Very shortly after plaintiff secured his insurance he and one Bernard Skinner started on a flight in plaintiff's plane. The plane was a two-seater with

controls so arranged that they could be operated from either seat. After being in the air about an hour and while plaintiff was operating the controls, the plane hit some high-tension wires and in the resulting accident the plane was damaged. Plaintiff had only a student pilot's license. His passenger, Bernard Skinner, had a pilot's license, but he was not a certified instructor, and this latter fact was known to plaintiff.

Plaintiff's insurance contract permitted a certified instructor to accompany plaintiff in his plane, but the policy provided that it did not cover damage to his airplane if at the time it was being operated by any person in violation of the terms of the Civil Aeronautics Administration pilot's certificate. It appears without controversy that at the time of the accident plaintiff was piloting his plane and Skinner was a passenger in the plane. Plaintiff so testified. This was in direct violation of the Civil Aeronautics Administration's regulations, made a part of plaintiff's student pilot license, which provided: "A student shall not pilot an aircraft carrying a passenger." Under the heading of "Exclusions" the following appears in the insurance contract:

"This policy does not cover any loss:  *  *  *  (b) While, with the knowledge and consent of the insured the aircraft  *  *  *  (2) is operated in violation of its Airworthiness Certificate or is being operated by any person in violation of the terms of his Civil Aeronautics Administration pilot's certificate (other than taxiing)."

Notwithstanding the above policy limitations or exclusions, the trial judge, because of certain testimony about to be noted, submitted to the jury as issues of fact whether the defendant insurance company had not waived the limitations on its liability, and whether plaintiff's violation of the inhibition

against carrying a passenger had any causal connection with the accident.

The claimed waiver arises out of circumstances attending plaintiff's purchase of the insurance through one of defendant's solicitors. On the day of the accident but prior thereto, the insurance transaction was closed. Incident to plaintiff's purchase of this insurance and in the hearing of defendant's agent there was discussion or remarks as to who within the terms of the policy could operate this aircraft and under what conditions. After the insurance deal was closed, Skinner said to plaintiff: "I guess I can drive with you now." Thereupon defendant's agent, erroneously assuming that Skinner had a certified instructor's license, said to Skinner: "Take him (plaintiff) out and check him on the pilot's certificate." Very shortly thereafter plaintiff and Skinner started on the flight in plaintiff's plane. The issue presented is this: Was the noted circumstance such as to justify the trial judge in submitting the claimed waiver of the insurance limitation to the jury as an issue of fact. We are of the opinion that it was not a question of fact. Plaintiff's suit was on the contract of insurance as written. It plainly embodied the limitations hereinbefore noted. After plaintiff had purchased his insurance, the terms of his written application for the insurance or the provisions of the policy as issued could not be altered by a statement of defendant's agent. *Kleis* v. *Niagara Fire Ins. Co.*, 117 Mich 469. There was no ambiguity in the contract provision, and its construction was a matter for determination by the trial court, not an issue for the jury. *Michigan Stamping Co.* v. *Michigan Employers' Casualty Co.*, 235 Mich 4. The uncontradicted record is that while plaintiff, who had only a student pilot's license, was operating his plane and carrying Skinner as a passenger, the accident happened. Such operation of

the plane was not within the terms of the insurance contract. The trial court was in error in submitting to the jury as an issue of fact whether the contract limitation was waived.

We are also of the opinion that the trial court was in error in submitting as an issue of fact for jury determination whether there was a causal relation between the accident and plaintiff's operation of the plane with a passenger in violation of the insurance contract. This is not a tort action wherein causal relation is frequently involved. Instead this action is on the insurance contract as made between plaintiff and defendant. The provision that the insurance did not cover any loss while the plane was being operated in violation of regulations was a valid contract provision and binding on plaintiff. Plaintiff had only a student pilot's license and was carrying a passenger in his plane in violation of regulations. Causal relation was not involved, and that issue was erroneously submitted to the jury.

Our review of this record brings the conclusion that defendant's motion for judgment notwithstanding verdict should have been granted. The case is remanded to the circuit court with directions to vacate the judgment entered for plaintiff, and for entry of judgment for defendant *non obstante veredicto*. Appellant may tax costs in both courts.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.