**SOUTHERN LIFE AND HEALTH INS. CO.,** Petitioner,

v.

**Merla Mae Chevis SIMON et al.,** Respondents.

**No. B–207.**

Supreme Court of Texas.

June 28, 1967.

Barnes & Barnes, Robert E. Barnes, Beaumont, for petitioner.

George W. Brown, Jr., Beaumont, for respondents.

STEAKLEY, Justice.

This suit is an action to recover the death benefits of $2,000.00 under an insurance policy issued by Petitioner, Southern Life and Health Insurance Company. In a trial to the court Respondents were granted judgment for the face amount of the death benefits, together with interest, statutory damages and attorney's fees. The Court of Civil Appeals affirmed. 411 S.W.2d 765. We reverse the judgments below and render judgment for Petitioner.

The named insured was Austin Chevis, a longshoreman. The named beneficiary was his wife, Merla Mae Chevis, who has since remarried and is joined by her present husband. Chevis was killed while loading cargo in the performance of his duties as a longshoreman aboard the "SS Lena Luckenbach." He was crushed to death by a forklift truck he was using in the loading operations which crashed through a hatch covering on the shelter deck. The steamship was moored to the docks at the time. She was certified and equipped to carry passengers but had been operated as a freighter since 1961.

The insurance policy forming the basis for the suit carried the following identification on its face in bold type:

"LIMITED ACCIDENT INDUS-
TRIAL POLICY

This Policy provides benefits for the loss of life, limb or sight by accidental means to travelers or pedestrians limited to conditions herein stated."

The policy was issued for a consideration of 10 cents a week and insured Chevis "against the result of bodily injuries * * * effected solely by external, violent and accidental means * * *." Paragraph 1 of the policy defined the coverage to an insured while a pedestrian. Paragraph 2 defined the coverage to an insured while a traveler. The crucial prerequisites to coverage here are found in paragraph 2 and are indicated by our italics:

"2. Or if the Insured shall *by collision of or any accident to any* railroad car, *passenger steamship,* public omnibus, street

railway car, public taxicab, public automobile, public stage or public bus *which is being driven or operated at the time by one regularly employed for that purpose, and inside of which the Insured is legally traveling;* or by collision of or by any accident to any private horse drawn vehicle or private motor driven automobile, inside of which the Insured is riding or driving, *or any motor driven truck, inside of which the Insured is riding or driving,* or if a street car motorman or street car conductor in addition to being covered as an individual by all the above provisions of the Policy he shall also be covered, while actually operating a street car in the line of his employment when injured by collision of or accident to the street car which he is operating; or by any accident to any passenger elevator, inside of which the Insured is riding as a passenger; provided that in all cases referred to in this paragraph there shall be some external or visible injury on the said vehicle or elevator of the collision, or accident, provided that an injury to the tire on such vehicle shall not be considered an injury to the vehicle, and provided that this Policy does not cover Insured while riding in or on a motorcycle or in or on any side car or other attachment to a motorcycle—*and provided that except as to railroad passenger cars, passenger steamships, street cars and elevators the collision or accident must occur on a public highway as heretofore defined.*"

■ The Court of Civil Appeals held that the accident to Chevis occurred under circumstances meeting the conditions of the insurance contract. The Court relied principally upon the decision of this Court in Continental Cas. Co. v. Warren, 152 Tex. 164, 254 S.W.2d 762 (1953) where it was held that an airplane pilot was a passenger within the provisions of the insurance contract there under review. The decision was premised on the fact of ambiguity and uncertainty as to the meaning of the contract and it was reasoned in the majority opinion that coverage of the pilot would not be ex-

cluded where the intent of the policy did not make such a construction unreasonable. The determining rule was that provisions of insurance contracts will be construed against the insurer, the author of the contract, where the language is ambiguous and uncertain. We have, on the other hand, repeatedly recognized the rule that in the absence of ambiguity insurance contracts are to be construed generally as other contracts. In applying this rule the terms of the contract are given their ordinary meaning unless there are other provisions indicating a contrary intention of the parties. Guardian Life Ins. Co. of America v. Scott, 405 S.W. 2d 64 (Tex. 1966); Employers Mutual Cas. Co. of Des Moines, Iowa v. Nelson, 361 S.W.2d 704 (Tex.1962); General American Indemnity Co. v. Pepper, 161 Tex. 263, 339 S.W.2d 660 (1960); Western Reserve Life Ins. Co. v. Meadows, 152 Tex. 559, 261 S.W. 2d 554 (1953).

■ We find no ambiguity in the insurance contract now before us. The conditions to coverage are clear. The policy explicitly states the condition, among others we do not reach, that for recovery under the facts here, Chevis, the insured, must have been legally traveling inside the steamship. It is stated in bold type on its face that the policy benefits are provided to travelers or pedestrians. As before noted, paragraph 1 applies to one in the status of the latter. Paragraph 2 applying to travelers, quoted above, enumerates various modes of transportation in which people travel on a journey: railroad passenger car, passenger steamship, public omnibus, street railway car, public taxicab, public automobile, public stage, public bus, private horse drawn vehicle, private motor driven vehicle, motor driven truck, street car and passenger elevator. The collision or accident must occur on a public highway where the collision or accident involves over-the-road transport vehicles; but this is expressly not required, for obvious reasons, when the transportation is by means of railroad passenger cars, passenger steamships, street cars and elevators. The transportation characteristic of travel-

ing "inside" a transporting vehicle is included in each clause of paragraph 2 except the clause applying to a street car motorman or conductor where the requirement is one of actual operation of the street car. There is no provision in the insurance contract which carries the suggestion that its coverage includes accidents occurring when the insured is not a traveler in accepted and ordinary usage. A person engaged in the loading of a moored steamship as a longshoreman, and hence moving from point to point in the loading operation, is not, in our opinion, traveling inside the ship under the reasonable intendment of the contractual provisions before us.

The Court of Civil Appeals further concluded, however, as Respondents here also contend, that there is coverage within the policy provisions because Chevis was killed in an accident to the motor driven forklift truck, "inside of which he was riding or driving." This result was reached on the basis of the final proviso in paragraph 2 of the policy which reads "and provided that except as to railroad passenger cars, passenger steamships, street cars and elevators the collision or accident must occur on a public highway as heretofore defined." It was reasoned from this proviso that the truck accident qualified since steamships are excepted from the requirement that the accident occur on a public highway.

 In our view, the Court of Civil Appeals has given the proviso a construction beyond its purpose and terms. The proviso stated the condition that an accident or collision involving a land transportation vehicle must occur on a public highway. The exceptions of passenger steamships, railroad passenger cars, street cars, and elevators were quite clearly intended to remove these users of water, rail, track or cable from the public highway requirement. It is the type of transportation facility and not the location of the accident which is controlling under the exceptions. Moreover, the juxtaposition of the preceding clause "or any motor driven truck, inside of which the insured is

riding or driving" to its immediately preceding clause "or by collision of or by any accident to any private horse drawn vehicle or private motor driven automobile, inside of which the insured is riding or driving" further evidences the clear purpose of limiting coverage to accidents occurring to the enumerated road user vehicles—horse drawn, automobile and motor driven truck—under usual and normal transportation circumstances over public highways. Paragraph 2 is not subject to the construction of providing coverage in the one fact that Chevis was operating a motor driven truck from point to point aboard the moored ship during cargo loading operations.

The judgments below are reversed and judgment is rendered that Respondents take nothing by their suit.