NATIONAL INSURANCE UNDER-
WRITERS, INC., Plaintiff,

v.

Wanda J. BEQUETTE, Administratrix of
the Estate of William T. Fouche, De-
ceased; and Carolyn S. Roop, Adminis-
tratrix with Will Annexed, as Rep-
resentative of the Estate of Roger
Clark Schuette; Shirlee Jean Schuette,
as Widow of Roger Clark Schuette and
as Next Friend of Steven Clark Schuet-
te, William Joseph Schuette, Sandra
Lee Schuette and James Randolph
Schuette; Robert W. Lord, Administra-
tor of the Estate of Byron Powelson,
Deceased, and as personal representa-
tive of Margaret M. Powelson, Jane
Powelson, Allan Scott Powelson and
John Byron Powelson, Defendants.

No. A–110–66.

United States District Court
D. Alaska.

Feb. 28, 1968.

W. C. Arnold, Anchorage, Alaska, for plaintiff.

Chancy Croft, Croft & Bailey, Warren W. Matthews, Jr., Burr, Boney & Pease, William Erwin, Savage, Erwin & Curran, Anchorage, Alaska, for defendants.

## MEMORANDUM OPINION

James A. von der Heydt, District Judge.

This action concerns coverage afforded by an insurance policy. Plaintiff moved for summary judgment in February of 1966. By order of March 13, 1966, but without opinion, this court denied the motion, for the reason that factual issues, however tenuous, were present. Thereafter, upon plaintiff's motion, an order of dismissal and termination, without prejudice to plaintiff's right of appeal, was entered. Plaintiff then appealed. The Court of Appeals for the Ninth Circuit remanded the case because the order of dismissal was not sufficiently precise or comprehensive.

Plaintiff has renewed its motion for summary judgment. In doing so, it has abandoned its prior claim of misrepresentation and, in the interim, the parties have pursued additional discovery. Defendants, in resisting the motion, set forth the following four contentions:

1) That the policy afforded coverage.
2) That the accident from which this action arose was not causally related to the licensing non-compliance of the pilot involved, such licensing non-compliance being the basis of the alleged lack of coverage.

3) That the policy was certified under a financial responsibility law.
4) That the plaintiff is estopped from denying coverage.

A brief review of the facts may be helpful. In October of 1965 plaintiff issued an aircraft insurance policy to Major Wilder S. Rice and Captain William T. Fouche, which policy afforded coverage of passenger liability claims under certain specific conditions. In December of the same year the plane crashed, killing Capt. Fouche and two passengers, Roger Schuette and Byron Powelson. In June of 1966 a wrongful death action was brought in the Superior Court of Alaska against the estate of Capt. Fouche, as pilot of the plane, by the administratrix of the deceased passenger Schuette's estate. Thereafter, defense of the State action was tendered by the defendant administratrix to the plaintiff herein. Plaintiff then brought this suit in this court for declaratory judgment contending that the coverage of the policy was suspended at the time of the fatal crash for the reason that Capt. Fouche, as pilot, did not have the license ratings required by the policy to carry passengers.

The points urged by defendants in opposition to the motion will be discussed separately.

1. Plaintiff, in contending that Capt. Fouche was not covered by the policy while carrying passengers, refers to Item H in the Exclusions section of the policy. This section states that the policy does not apply to any insured

while the aircraft is in flight whenever the pilot operating the aircraft is not qualified in accordance with the requirements specified in Item 7. "Pilots:" in the Declarations.

Item 7 states:

This policy applies when the aircraft is in flight, only while being operated by the Pilot(s) named or designated in Section 1, while holding a pilot certificate at least equal to the type described in Section 2, with appropriate ratings required for the flight involved * * *

It is uncontroverted that Capt. Fouche did not have the ratings required by the policy to carry passengers. Defendants, in attempting to establish coverage, seek to have the aforenoted Item 7 construed to include the pilots named in Section 1 (regardless of certification or rating) and anyone else designated in Section 1 who has the appropriate certification and rating. They contend that, at the very least, the policy is ambiguous in this respect, and that the ambiguity should be construed against the insurer.

It is true the great weight of authority holds that if an ambiguity in a contract of insurance exists it should be resolved against the insurer.[1] However, as this Court has stated previously,

> some actual or apparent ambiguity must be present * * * where there is no ambiguity, there is nothing to be construed. A court cannot and should not do violence to the plain terms of a contract by artificially creating ambiguity where none exists. In situations in which reasonable interpretation favors the insurer, and any other would be strained and tenuous, no compulsion exists to torture or twist the language of the contract. An insurance company has the right to limit the coverage of a policy issued by it and when it has done so, the plain language of the limitation must be respected.[2]

Item 7 expressly states that the policy applies only when the plane is being flown by one of the named insureds, *and* if such person has the appropriate certification and rating for the flight involved. No comma separates "named" from "or designated" in Item 7, nor is there any language which would support defendants' construction. The court can find no ambiguity in the terms of the contract, and declines to manufacture one.

2. Defendants' second contention is that coverage of the policy was suspended only if the deviation from the terms of the policy, here the licensing non-compliance, was a proximate cause of the accident. If it was not, they urge, the coverage of the policy remains in effect.

The basis for defendants' contention is that Capt. Fouche did have passenger liability coverage at some point, and that this coverage continued unless and until the violation of the terms of the policy caused an accident. Defendants' position presumes coverage, but this initial premise is not valid. The policy did not afford Capt. Fouche coverage, for himself or for any passengers, while flying with passengers without the required rating. There was not, in short, any coverage which could be suspended.[3]

3. Defendants urge that the policy was certified under a financial responsibility law and this, in some respect, "amends" the policy to provide coverage regardless of the rating deficiency.

This certification was obtained from plaintiff's agent because Capt. Fouche and Major Rice wished to utilize the facilities at Elmendorf Air Force Base, Alaska, a military installation operated by the government of the United States. In order to do so, approved insurance, including passenger liability, must be obtained. Thus, plaintiff's agent issued a "certificate of insurance" which indicated that the policy included passenger liability coverage.

Defendants rely on the following language of the policy to support their contention.

---

1. E.g., Ness v. National Indem. Co. of Nebraska, 247 F.Supp. 944 (Alas.1965); Lumbermens Mut. Cas. Co. v. Continental Cas. Co., 387 P.2d 104 (Alas.1963).

2. Ness v. National Indem. Co. of Nebraska, note 1 supra, at 947. Accord, Pepsi Cola Bottling Co. of Anchorage, Inc. v. New Hampshire Ins. Co., et al., 407 P. 2d 1009 (Alas.1965).

3. Underwriters at Lloyd's of London v. Cordova Airlines, 283 F.2d 659 (9th Cir. 1960). See Travellers' Protective Ass'n of America v. Prinsen, 291 U.S. 576, 54 S. Ct. 502, 78 L.Ed. 999 (1934); Gulick v. Fidelity Guaranty Ins. Corp., 13 Alaska 223 (1951).

When the airplane is used for "Pleasure and Business or Industrial Aid" as defined herein and this policy is certified as proof of financial responsibility for the future under the provisions of any aircraft financial responsibility law, *such insurance as is afforded by this policy* for bodily injury liability or property damage liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in the policy. [Emphasis added.]

The italicized portion of the above quotation is particularly noted. By the clear terms of the policy, Major Rice, as a pilot having appropriate ratings, was afforded coverage while carrying passengers, but Capt. Fouche only when flying solo. The agent's certification could effect no change in the limitations of the policy as to either of them. Thus, the Court can find no merit in defendants' position.

4. Defendants appear to rely principally on their final contention, i. e., that plaintiff is estopped from denying coverage. They urge that plaintiff's agent knew of the Air Force requirement that the policy include passenger liability insurance. The agent did not tell Capt. Fouche, defendants assert, that he would be without coverage while carrying passengers. Therefore, they conclude, this silence misled Capt. Fouche to believe he was covered while carrying passengers, and plaintiff is thus estopped from denying coverage.

First, it is noted that Section 15 of the policy provides

Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or change in any part of this policy or estop the Company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part hereof signed by a duly authorized official of the Company.

Since the policy, as written, did not cover Capt. Fouche while carrying passengers, it could be changed only by endorsement to provide such coverage. This, by the plain terms of the policy, plaintiff's agent had no authority to do.

■ It is not contended by defendants that Capt. Fouche thought his pilot's certificate and rating authorized him to carry passengers in the aircraft in question. He is presumed to have known the law and the ratings which he held. To assert he thought the policy covered him while carrying passengers is in essence to allege that plaintiff, with full knowledge, undertook to insure unlawful flights, or that Capt. Fouche thought that plaintiff had done so. This position is without merit.

■ It is noted that silence may estop denial of coverage only if it is misleading.[4] "A person knowing the facts or in a position to know them can not claim the benefit of estoppel."[5] Capt. Fouche knew or should have known that he did not possess the required rating.

■ Finally, passengers Schuette and Powelson cannot rely on any statement, or lack thereof, by plaintiff's agent to Capt. Fouche.[6]

Plaintiff's motion for summary judgment is granted. Plaintiff's counsel may prepare an appropriate form of judgment.

4. E. g., Matsuo Yoshida v. Liberty Mut. Ins. Co., 240 F.2d 824 (9th Cir. 1957).

5. Gaylord v. C.I.R., 153 F.2d 408, 416 (9th Cir. 1946). See California State Board of Equalization v. Coast Radio, 228 F.2d 520 (9th Cir. 1955); Sinclair Prairie Oil Co. v. Campbell, 164 F.2d 907 (5th Cir. 1948).

6. See Royal Air Properties, Inc. v. Smith, 333 F.2d 568 (9th 1964); California State Board of Equalization v. Coast Radio note 5 supra; Atkins, Kroll (Guam), Ltd., v. Cabrera, 295 F.2d 21 (9th Cir. 1961). Compare In Re Leveen, 122 F. Supp. 28 (D.Mass.), aff'd, Capital Finance Corp. v. Leveen, 217 F.2d 36 (1st Cir. 1954) with McIntyre v. Double-A Music Corp., 166 F.Supp. 681 (S.D.Cal.1958).