**RANGER INSURANCE COMPANY,
Petitioner,**

v.

**Doris BOWIE, Respondent.**

**No. B–7581.**

Supreme Court of Texas.

Nov. 29, 1978.

Rehearing Denied Jan. 10, 1979.

Ray, Anderson, Shields, Trotti & Hemphill, L. W. Anderson, Dallas, for petitioner.

Harold J. Dollinger, Jr., Dallas, for respondent.

JOHNSON, Justice.

Doris Bowie instituted this suit against Ranger Insurance Company to recover on an insurance policy for damage done to her husband's airplane when it crashed into the ground near Garland, Texas on May 5, 1975. She sued Ranger individually and as executrix of the estate of her husband, Loren C. Bowie. On the occasion in question, Bowie was piloting the plane and was alone in the aircraft. He was found dead at the crash

site. The cause of the crash was undetermined. American Bank & Trust Company intervened, claiming a security interest in the damaged airplane, but it did not pursue an appeal following a decision adverse to it in the trial court.

The case was tried to the court based mainly upon stipulated facts and deposition testimony. The trial court rendered a take-nothing judgment against the Bank and Mrs. Bowie. Upon appeal by Mrs. Bowie, the court of civil appeals reversed and rendered judgment awarding her $7,500, the amount provided for in the policy. 563 S.W.2d 394. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

Loren Bowie had a history of heart trouble since 1962. He nevertheless applied for a private pilot's license in 1971. At the same time, he applied for the required airman's medical certificate; in so doing, he deliberately and knowingly denied that he had prior heart trouble. He repeated this misrepresentation two years later, in 1973, when he applied for renewal of his medical certificate. Even at the time of his death, he was taking medication for his heart condition. It was stipulated by the parties that had Loren Bowie not made these false representations he would not have been issued a certificate.[1]

The insurance policy on Loren Bowie's plane contained the following clause:

"7. PILOT CLAUSE: Only the following pilot or pilots *holding valid and effective pilot and medical certificates* with rating as required by the Federal Aviation Administration for the flight involved will operate the aircraft in flight." [Emphasis added.]

---

1. The actual stipulations were as follows:

Stipulation XIII: "That such false representation made by Loren C. Bowie was material to the issuance of Airman's Medical Certificate; and Dr. Beiser would not have issued such a certificate to Loren C. Bowie if the doctor had been truthfully advised of 'prior heart trouble.'"

Stipulation XIV: "That Dr. Beiser was not authorized by the Federal Aviation Administration to issue a valid and effective medical certificate if an applicant affirmatively answered questions as to whether or not the applicant had ever had 'heart trouble'. Upon receiving such an affirmative answer, Dr. Beiser was required to forward the application to the Federal Aviation Administration's Aero-Medical Center in Oklahoma City for any action. The FAA Aero-Medical Center did not take any such action and did not issue a medical certificate."

The controlling issue in this case is whether Loren Bowie, as the pilot at the time of the accident, satisfied this clause. Mrs. Bowie claims that since the Federal Aviation Authority had neither revoked nor invalidated her husband's medical certificate, that the certificate is necessarily valid and effective. We disagree.

In a case involving the interpretation of an insurance policy, the general rule in Texas dictates that exceptions and limitations found in an insurance policy are construed against the insurer. *Continental Cas. Co. v. Warren*, 152 Tex. 164, 254 S.W.2d 762 (1953); and *Glover v. National Ins. Underwriters*, 545 S.W.2d 755 (Tex. 1977). However, this rule is applicable only when the terms of the contract of insurance are susceptible to several reasonable constructions. *Mang v. Travelers Insurance Company*, 412 S.W.2d 672, 674 (Tex.Civ. App.—San Antonio 1967, writ ref'd).

The "pilot clause" in this case clearly contemplates a *valid* medical certificate, one which has been granted on the basis of health deemed suitable by the Federal Aviation Administration for the command of an aircraft, not one granted upon the basis of a fraudulent misrepresentation.[2] The term "valid" has been held to mean "[h]aving legal strength or force; executed with proper formalities; legally sufficient or efficacious; incapable of being rightfully overthrown or set aside." *Edwards v. O'Neal*, 28 S.W.2d 569, 572 (Tex. Civ.App.—Fort Worth 1930, writ dism'd); and Black's Law Dictionary at 1719 (4th ed. 1951). Under the facts and stipulations of this case, it is evident that this medical certificate was not "incapable of being rightfully overthrown or set aside." The parties stipulated that the required medical certificate was obtained only through the misrepresentations of Loren Bowie. Merely the fact that it had not been cancelled by the Federal Aviation Administration does not make the medical certificate valid.

Since the medical certificate was not valid, the plane was not piloted by a person who qualified under the "pilot clause" of the policy. Therefore, the flight upon which this plane was damaged was excluded by the policy and Ranger is not liable to Mrs. Bowie.

The judgment of the court of civil appeals is reversed and judgment of the trial court that Doris Bowie take nothing is affirmed.

**2.** The Federal Aviation Administration has indicated this intent by the following regulation which it has issued:

"No person may act as pilot in command, or in any other capacity as a required pilot flight crewmember while he has a known medical deficiency, or increase of a known medical deficiency, that would make him unable to meet the requirements for his current medical certificate." 14 C.F.R. 61.53.