**Jo Beth Warren PUCKETT et al., Petitioners,**

v.

**U.S. FIRE INSURANCE CO., Respondent.**

No. C–2799.

Supreme Court of Texas.

Oct. 24, 1984.

Rehearing Denied Nov. 21, 1984.

Gibson, Ochsner & Adkins, Danny M. Needham, Amarillo, Byrd, Davis & Eisenberg, Thomas H. Davis, Austin, for petitioners.

L.W. Anderson, Dallas, for respondent.

SPEARS, Justice.

This is a declaratory judgment action. The question presented is whether an insured's failure to have his plane inspected need be the cause of an accident in order for the insurance company to avoid liability under an aviation policy for damages resulting from that accident. The trial court held that causation was not required and rendered summary judgment for respondent, U.S. Fire Insurance Company. The court of appeals, in an unpublished opinion, affirmed. Tex.R.Civ.P. 452. We reverse the judgments of both courts and remand the cause for trial.

On July 18, 1981, a Cessna 337 aircraft jointly owned by Robert Holt and M. Hunter Puckett, and flown by Puckett, crashed near Pampa. Puckett and two passengers were killed, and a third passenger was seriously injured. U.S. Fire sued Holt and the administrators of Puckett's estate, seeking a determination that it was not obligated to pay any damages or defend any claim arising out of the crash. The insurer relied on a clause in the policy suspending coverage "if the aircraft ... airworthiness certificate is not in full force and effect." Under federal law in effect at the time of the accident, the certificate was effective only so long as all maintenance requirements had been met. 14 C.F.R. § 21.181(a)(1) (1981). Those requirements included an annual inspection. 14 C.F.R. §§ 91.165, 91.-169 (1981).[1] The parties stipulated that no such inspection had been performed. Therefore, by virtue of federal regulation, the certificate had lapsed. The parties also stipulated, however, that the failure to have the plane inspected in no way caused the accident.

Most courts addressing the question have held that causation is not required for an insurance company to avoid liability on the basis of a breach of condition in an aviation policy. *See National Insurance Underwriters Inc. v. Bequette*, 280 F.Supp. 842 (D. Alaska 1968), *aff'd* 429 F.2d 896 (9th Cir.1970); *Middlesex Mutual Insurance Co. v. Bright*, 106 Cal.App.3d 282, 165 Cal.Rptr. 45 (1980); *O'Conner v. Proprietors Insurance Co.*, 661 P.2d 1181 (Colo. App.1982), *cert. granted; Grigsby v. Houston Fire and Casualty Insurance Co.*, 113 Ga.App. 572, 148 S.E.2d 925 (1966); *Arnold v. Globe Indemnity Co.*, 416 F.2d 119 (6th Cir.1969) (applying Kentucky law); *Kilburn v. Union Marine & General Insurance Co.*, 326 Mich. 115, 40 N.W.2d 90 (1949); *Macalco, Inc. v. Gulf Insurance Co.*, 550 S.W.2d 883 (Mo.App.1977); *Omaha Sky Divers Parachute Club, Inc. v. Ranger Insurance Co.*, 189 Neb. 610, 204 N.W.2d 162 (1973); *Security Mutual Casualty Co. v. O'Brien*, 99 N.M. 638, 662 P.2d 639 (1983); *Baker v. Insurance Co. of North America*, 10 N.C. App. 605, 179 S.E.2d 892 (1971); *Ochs v. Avemco Insurance Co.*, 54 Or.App. 768, 636 P.2d 421 (1981); *Di Santo v. Enstrom Helicopter Corp.*, 489 F.Supp. 1352 (E.D.Pa.1980).

The rule is by no means unanimous, however. Several courts have held that causation is required. *See Ranger Insurance Co. v. Phillips*, 25 Ariz.App. 426, 544 P.2d 250 (1976); *Avemco Insurance Co. v. Chung*, 388 F.Supp. 142 (D.Hawaii 1975); *American States Insurance Co. v. Byerly Aviation, Inc.*, 456 F.Supp. 967 (S.D.Ill. 1978); *Migues v. Universal Airways, Inc.*, 18 Av.Cas. (CCH) 17,250 (S.D.Miss.1982); *Bayers v. Omni Aviation Managers,* 510 F.Supp. 1204 (D.Mont.1981); *South Carolina Insurance Co. v. Collins*, 269 S.C. 282, 237 S.E.2d 358 (1977). One commentator has referred to a causation requirement as the "modern trend." J. Appleman, 6A *In-*

---

1. 14 C.F.R. section 21.181(a)(1) provided that:
   Standard airworthiness certificates ... are effective as long as the maintenance, preventive maintenance, and alterations are performed in accordance with parts 43 and 91 of this chapter ....
   Under the heading "Maintenance required," 14 C.F.R. section 91.165 provided that:

   Each owner or operator of an aircraft shall have that aircraft inspected as prescribed in Subpart D or § 91.169 of this part ....
   Section 91.169 provided that:
   [N]o person may operate an aircraft unless, within the previous twelve calendar months, it has had—
   (1) An annual inspection in accordance with part 43 of this chapter ....

*surance Law and Practice* § 4146 (1972). Whether this is the modern trend is debatable, as evidenced by the authority cited above. We do believe, however, that it is the better rule to require causation. *See South Carolina Insurance Co. v. Collins,* 237 S.E.2d at 362; A. Windt, *Insurance Claims and Disputes* § 6.07 (1982). Therefore, we hold that under the facts presented here, an insurer cannot avoid liability under an aviation liability policy unless the failure to inspect is either the sole or one of several causes of the accident.

▆▆▆ It is well established that insurance policies are strictly construed in favor of the insured in order to avoid exclusion of coverage. *Ramsay v. Maryland American General Insurance Co.,* 533 S.W.2d 344 (Tex.1976). That rule does not apply, however, when the term in question is susceptible of only one reasonable construction. *Ranger Insurance Co. v. Bowie,* 574 S.W.2d 540 (Tex.1978). Such is the case here. The insurance policy says in plain language that "there is no coverage under the policy if the aircraft ... airworthiness certificate is not in full force and effect." When there is no ambiguity, it is the court's duty to give the words used their plain meaning. *Transport Insurance Co. v. Standard Oil Co. of Texas,* 161 Tex. 93, 337 S.W.2d 284 (1960). This policy did not require a causal connection between the breach of the policy and the accident.

▆▆▆ The question remains, however, whether the clause as interpreted violates the public policy of this state. Puckett contends that allowing an insurance company to avoid liability when the breach of contract in no way contributes to the loss is unconscionable and ought not be permitted. We agree. Here, the accident was caused by something—pilot error—unquestionably covered by the policy. It would be against public policy to allow the insurance company in that situation to avoid liability by way of a breach that amounts to nothing more than a technicality. If we held otherwise:

> it would actually be to the insurer's advantage that the insured failed to renew

the airworthiness certificate. In such event, the insurer would collect a premium but would have no exposure to risk because the policy would no longer be effective.

*Pickett v. Woods,* 404 So.2d 1152 (Fla.Dist. Ct.App.1981), *petition for review denied, Foremost Ins. Co. v. Pickett,* 412 So.2d 465 (Fla.1982). Moreover, under federal law, there are hundreds of requirements that the inspection must meet in order for an airworthiness certificate to be effective. *See* Maintenance, Preventive Maintenance, Rebuilding, & Alteration Requirements, 14 C.F.R. Part 43; General Operation & Flight Rules, 14 C.F.R. Part 91. Some of these are substantial, some technical. It would be virtually impossible for an insured to know whether his certificate was valid. The legislature has passed an "anti-technicality" statute covering fire insurance policies. Tex.Ins.Code Ann. art. 6.14. We believe the legislature's action indicates the public policy of the state, and decline to hold to the contrary in this analogous situation.

U.S. Fire urges a number of cases that it claims have decided this question in its favor. *See United States Fire Insurance Co. v. Marr's Short Stop,* — S.W.2d — (Tex.1984); *Stewart v. Vanguard Insurance Co.,* 603 S.W.2d 761 (Tex.1980); *Ranger Insurance Co. v. Bowie,* 574 S.W.2d 540 (Tex.1978); *Glover v. National Insurance Underwriters,* 545 S.W.2d 755 (Tex.1977). In none of those cases, however, was the issue of causation raised. One case, *Schepps Grocer Supply, Inc. v. Ranger Insurance Co.,* 545 S.W.2d 13 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r. e.), does directly support U.S. Fire's position, and we now disapprove of its holding.

On the other hand, *Robinson v. Reliable Insurance Co.,* 569 S.W.2d 28 (Tex.1978), is clearly distinguishable. In *Robinson,* we held that if an insured in an application for life insurance misrepresents the state of his health, the insurer need not show that the condition about which the insured made the misrepresentation contributed to the insured's death. The reasoning in *Robin-*

*son* was that if the insured had not misrepresented his health, the company would never have issued the policy. Thus, the policy was void from inception. Here, the policy was valid from the beginning; the only question is whether the breach alleged can be used to suspend coverage. We hold that under the facts of this case it cannot.

The judgments of the trial court and the court of appeals are reversed, and the cause is remanded for trial.

WALLACE, J., concurs.

POPE, C.J., joined by McGEE, J., dissent.

WALLACE, Justice, concurring.

I concur in the results of the court's opinion. However, I disagree with the court's statement that the clause, "There is no coverage under the policy if the aircraft ... airworthiness certificate is not in full force and effect" is susceptible of only one reasonable construction and that it is, therefore, unambiguous. The reason for my position is stated by the court in the following paragraph of the opinion where it states:

> Moreover, under federal law, there are hundreds of requirements that the inspection must meet in order for an airworthiness certificate to be effective. *See* Maintenance, Preventive Maintenance, Rebuilding & Alteration Requirements, 14 C.F.R. Part 43; General Operation & Flight Rules, 14 C.F.R. Part 91. Some of these are substantial, some technical. It would be virtually impossible for an insured to know whether his certificate was valid.

The above, by its own terms, is a good description of ambiguity. If the insurer desires to exclude coverage whenever the aircraft has not had an annual inspection within the last twelve months, it should say just that.

The exclusionary clause in the present policy was ambiguous and should be strictly construed so as to provide coverage.

POPE, Chief Justice, dissenting.

United States Fire Insurance Company's contract to cover the insured's aircraft is clear and unambiguous. The insurer lived up to its contract and the insured did not, but the insurer loses. The contract between the parties expressly provides, not once, but twice that there is no coverage for the accident upon which plaintiffs sue. This is the language of the contract:

> The Use of Aircraft: The aircraft must be used for personal or business transportation only. There is no coverage under the policy if ... (4) airworthiness certificate is not in full force and effect or has been converted to restricted or experimental.

The Declaration Sheet of the policy says: THE USE OF THE AIRCRAFT: There is no coverage under the policy if the airworthiness certificate is not in full force and effect or has been converted to restricted or experimental.

There is no lack of clarity about coverage. The court so holds. The policy requirement is not onerous. It required only that the insured comply with federal safety regulations and that the plane be submitted to periodic safety inspections. The insurance company is not equipped to make mechanical inspections to determine whether aircraft are airworthy.

The ambiguity rule that applies uniquely to insurance companies is not applicable here. Insurance contracts, for ample reason, are disfavored in interpretation suits. All that need be proved to prevail against an insurance contract is that the contract is not clear and that an adversary's position is "no more than one which is not itself unreasonable." *Lloyds Casualty Insurer v. McCrary*, 149 Tex. 172, 179, 229 S.W.2d 605, 609 (1950). This burden is not borne by disputants in other classes of ambiguous agreements. The rule arises because customers of insurance companies cannot negotiate the terms of policies and it has often been followed.

Absent ambiguity, however, insurance contracts are construed the same as other contracts and the provisions are given their

ordinary meaning. *Southern Life and Health Ins. Co. v. Simon,* 416 S.W.2d 793 (Tex.1967); *United American Ins. Co. v. Selby,* 161 Tex. 162, 338 S.W.2d 160 (1960), 84 A.L.R.2d 367; *Iowa Mutual Ins. Co. v. Faulkner,* 157 Tex. 183, 300 S.W.2d 639 (1957).

The insured made a conscious and deliberate decision to ignore the policy requirement for coverage, that is, the annual inspection required by federal safety regulations. This is the testimony of Robert G. Holt, co-owner of the airplane, about the reason the insured consciously breached the contract:

"Q Do you know whether there was an annual inspection done between June 12 and June 18, 1981—June 12, 1980 to July 18, 1981?

"A There was not any done.

"Q Do you know why it was not done?

"A Well, we had decided to sell the aircraft prior to the accident.

"A [W]e were trying to decide whether to sell the airplane with an annual or without an annual. So this is often done. The mechanic that was going to do the annual was on vacation in the latter part of June so we didn't get it done. And we decided to go ahead and get it done before we sold it so that whoever wanted to buy it could fly it.

"Q I assume then from what you are telling me, it was kind of a proposition that you wanted not to spend the money on the annual until you decided whether you were going to sell it or not, in substance; is that right?

"A Well, yes sir. And that is probably more or less our thinking at the time."

United States Fire Insurance Company in its policy provisions for coverage relied upon what was the unmistakable rule in most jurisdictions. The court's opinion cites some of the decisions that respect compliance with a clear statement in an insurance policy requiring adherence to federal safety regulations. The court acknowledges that the rule it announces is contrary to the reasoning of most courts.

The court has written a new clause into the policy. It adds to the contract the requirement that the insurance company must prove that the breach was the cause of the accident. Proof of a causal relation between the insured's breach and the accident has been uniformly rejected by our prior Texas decisions as it has been by the majority of jurisdictions. In *Schepps Grocer Supply, Inc. v. Ranger Ins. Co.,* 545 S.W.2d 13 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.), the court rejected the contention that causation should be written into the contract by holding that the insurer did not have to prove a causal connection between the loss and the breach when the insurer proved a policy exclusion. This court refused to add a provision for causation to the clear terms of a policy when we decided *Ranger Ins. Co. v. Bowie,* 574 S.W.2d 540 (Tex.1978).

Today's decision means that insurance policies—life, casualty, fire—though agreed upon by insured and insurer, though authorized by the Board of Insurance, though clear and unambiguous, are burdened with uncertain terms that this court may from time to time determine should have been included in the parties' contract. The court characterizes the insurer's breach as "nothing more than a technicality." Aircraft safety a technicality? The object of the policy provision requiring compliance with the federal regulations is safety.

Courts are not in the business of writing insurance contracts. Our duty is to apply unambiguous contracts as they are written. The court has written out of the contract the clear and express provision that the aircraft airworthiness certificate shall be kept in full force and effect. I would affirm the judgment of the two lower courts.

McGEE, J., joins in this dissent.