DISSENTING OPINION

No. 04-05-00291-CV

AIG AVIATION, INC. and National Union Fire Insurance Co ,

Appellant

v.

HOLT HELICOPTERS, INC. ,

Appellee

From the 38th Judicial District Court, Uvalde County, Texas

Trial Court No. 02-12-23,349-CV

Honorable Antonio G. Cantu , Judge Presiding


Opinion by: Rebecca Simmons , Justice

Dissenting opinion by: Sarah B. Duncan, Justice

Sitting: Sarah B. Duncan , Justice

 Phylis J. Speedlin , Justice

 Rebecca Simmons , Justice

Delivered and Filed: April 26, 2006

 In Puckett, the supreme court held that "[i]t would be against public policy to allow the insurance company ... to avoid
liability by way of a breach" of a clause excluding "coverage ... if the aircraft ... airworthiness certificate is not in full force
and effect" because that requirement "amounts to nothing more than a technicality." Puckett v. U. S. Fire Ins. Co., 678
S.W.2d 936, 938 (Tex. 1984). In this case, on the other hand, the policy's open pilot warranty formed the "basis of the
bargain" between the parties - the antithesis of a mere "technicality." Indeed, according to the AIG underwriter who worked
on Holt's policy, Alan Baker, AIG takes "a good close look at what type of pilots would be operating the aircraft and what
type of uses the aircraft would be involved in"; and a particular pilot's qualifications and training are factors routinely
considered in determining whether and how much to modify a policy's "base rate" premium.

 Because this case does not involve a requirement that is a mere "technicality," I would holdPuckett does not apply and
reverse the trial court's judgment and render judgment in AIG's favor. I therefore dissent.



 Sarah B. Duncan, Justice