EMILIO M. GARZA, Circuit Judge, with whom JENNIFER W. ELROD, Circuit Judge,
joins, specially concurring:
I fully agree with the panel opinion. Although I am inclined to disagree with Royal Insurance Co. of America v. Hartford Underwriters Insurance Co., 391 F.3d 639 (5th Cir.2004), we are bound by the decision because it is the settled law of this circuit and one panel of this court cannot overrule the decision of another panel. See FDIC v. Dawson, 4 F.3d 1303, 1307 (5th Cir.1993); Burlington N. R.R. v. Bhd. of Maint. of Way Employees, 961 F.2d 86, 89 (5th Cir.1992); Pruitt v. Levi Strauss & Co., 932 F.2d 458, 465 (5th Cir.1991).
Nonetheless, I encourage the court to revisit en banc our interpretation of what constitutes conflicting “other insurance” provisions under Hardware Dealers Mutual Fire Insurance Co. v. Farmers Insurance Exchange, 444 S.W.2d 583 (1969). Texas Supreme Court cases instruct that, when possible, we should focus on the plain language of the insurance policy. See Nat’l Union Fire Ins. Co. of Pittsburgh, PA v. Crocker, 246 S.W.3d 603, 606 (Tex.2008) (noting that insurance policies are construed according to the same rules of construction that apply to contracts generally); Utica Nat’l Ins. Co., 141 S.W.3d at 206 (citing numerous cases that reiterate that insurance policies must be interpreted and construed like other contracts); Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132, 133 (Tex.1994) (“When construing a contract, the court’s primary concern is to give effect to the written expression of the parties’ intent.”); Puckett v. U.S. Fire Ins. Co., 678 S.W.2d 936, 938 (Tex.1984) (“When there is no ambiguity, it is the court’s duty to give the words used their plain meaning.”).
Indeed Hardware Dealers itself teaches that we should not create a “conflict” when the plain language is not reasonably subject to a construction that produces conflict. In Hardware Dealers, the Texas Supreme Court interpreted conflicting “other insurance” provisions in which the conflict had the potential to leave the insured without coverage. One policy included a provision that excluded from coverage anyone who was covered by other insurance. 444 S.W.2d at 585. The other policy included an other insurance provision that converted its coverage into excess insurance if other insurance coverage existed. Id. at 584. In rejecting a construction that left the insured with no coverage, the court announced the following rule of interpretation:
When, from the point of view of the insured, she has coverage from either one of two policies but for the other, and each contains a provision which is reasonably subject to a construction that it conflicts with a provision in the other concurrent insurance, there is a conflict in the provisions.
*315 Id. at 589. After finding that the two policies were reasonably subject to a construction that they conflicted (an escape clause versus an excess clause), the court concluded that in such circumstances, Texas courts should ignore the conflicting provisions, and instead apportion liability pro rata. Id. at 590.
In St. Paul Mercury Insurance Co. v. Lexington Insurance Co., 78 F.3d 202, 210 (5th Cir.1996), we expressly rejected an argument that distinguished Hardware Dealers when an escape clause and a pro rata clause conflicted. The escape clause read, “[W]here the Assured is, irrespective of this insurance, covered or protected against any loss or claim which would otherwise have been paid by the Assurer, under this policy, there shall be no contribution by the Assurer on the basis of double insurance or otherwise.” Id. at 206. The pro rata clause provided that the insurer “will not pay more than [its] share of damages and costs covered by this insurance and other insurance or self-insurance. Subject to any limits of liability that apply, all shares will be equal until the loss is paid.” Id. at 207 (alteration in original). Although the insured arguably would have had coverage under the pro rata clause regardless of the conflict, the provisions were nonetheless reasonably subject to a construction that they conflicted because the pro rata clause could be read to cap the insurer’s liability at its “share” while the escape clause precluded any coverage under the other policy. Put differently, a reasonable reading of the two clauses left the insured with less coverage than he would have had but for the existence of the other policy. Thus, after properly applying Hardware Dealers, we determined that the policies conflicted and liability must be pro rata. Id. at 210.
Royal Insurance, however, extended the Hardiuare Dealers rule to situations in which the plain language of the contracts was not subject to a reasonable construction that the other insurance provisions were in conflict. 391 F.3d 639 (5th Cir.2004). One provision stated, “This insurance is primary except as described in Paragraph b. below. Our obligations are not affected unless any of the other insurances is also primary. Then we will share with all that other insurance by the method described in Paragraph c. below [pro rata].” Id. at 64041 n. 1. The other policy provided, “This insurance is excess over any other insurance other than insurance specifically arranged by you on an umbrella or similar basis to apply excess of this coverage part.” Id. at 641 n. 2. Even though, as in this case, the plain language of the policies was not reasonably subject to a construction that the policies conflicted, the court found that the district court read Hardware Dealers too narrowly in determining that no conflict existed. The court found that, from the perspective of the insured, either policy would provide full coverage in the absence of the other policy and that, “from this perspective,” the policies were in conflict. Royal Ins., 391 F.3d at 644 (emphasis added).
This approach incorrectly treated step one of the Hardware Dealers test as determinative of step two. Hardware Dealers, however, explains that the two steps are separate inquires: The first step instructs us to look at the coverage provided if each policy were the only policy — “When, from the point of view of the insured, she has coverage from either one of two policies but for the other.” 444 S.W.2d at 589 (emphases added). The second step requires us to evaluate the impact, if any, that the two clauses, when read together, would have on the coverage of the insured — “each contains a provision which is reasonably subject to a construction that it conflicts with a provision in the other concurrent insurance.” Id. (emphasis added). *316 To read step one as determinative of step two ignores the “and” in the Hardware Dealers test, thus rendering the second step redundant. See id. This was the error in Royal Insurance — the court did not evaluate whether the policies were reasonably subject to a construction that they conflicted.
In my view, the plain language of the “Other Insurance” provisions at issue in this case, just as the language at issue in Royal Insurance, is not reasonably subject to a construction that produces a conflict. The Lexington Policy’s “Other Insurance” provision provides that it is primary unless Willbros has other primary insurance available to it, in which case it is only excess insurance. Conversely, the CNA Policy provides that it is excess unless a written agreement specifically requires that it be primary. In this case, there is no such written agreement. Thus, under the plain and unambiguous language of the policies, the Lexington Policy is primary and the CNA Policy is excess. When, as here, the language is not reasonably subject to a construction that the provisions conflict, Hardware Dealers should not apply. Because the plain language of the other insurance provisions provides an unambiguous result that does not leave the insured without coverage, I see no reason to artificially create a conflict in order to impose pro rata liability.