United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-50313

———————————

WILLIAM GONZABA, M.D.; CHAVE D. GONZABA; WILLIAM AND CHAVE
GONZABA GRANTOR TRUST,

Plaintiffs-Appellants,

versus

ST. PAUL FIRE AND MARINE INSURANCE CO., ET AL.,

Defendants,

ST. PAUL FIRE AND MARINE INSURANCE CO.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:03-CV-374
--------------------

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:[*]

The Gonzaba Trust's insurer, Appellee St. Paul, refused to

defend Appellants Dr. Gonzaba and the Trust against various

claims asserted against them by Jihad Kanafani. After Appellants

allegedly spent over $2 million in defense, they sued St. Paul in

Texas court for breach of contract. St. Paul removed to federal

district court, and both parties moved for summary judgment. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

district court granted summary judgment to St. Paul, concluding the insurance policy did not require St. Paul to defend Appellants against Kanafani's claims.  We review *de novo*.[1]

First, Appellants argue that the policy covers Kanafani's libel and slander claims against Dr. Gonzaba.  This interpretation of the policy, specifically the Fiduciary Liability Endorsement, is unreasonable.[2]  As the district court held, the provision excluding protection for "any business pursuits not directly related to or arising from fiduciary property" applied to a "Co-fiduciary," "Co-owner," "Receiver of Assets," or "Beneficiary," like Dr. Gonzaba, not just a Receiver of Assets, as Appellants contend.  Not only is the prefatory phrase to that provision ("none of the persons or organizations described above") plural,[3] but the prefatory phrase to the entire section states that the section "adds certain protected persons and limits their protection."  Appellants' interpretation would not limit the protection of natural person beneficiaries at all;

---

[1] *See Am. Home Assurance Co. v. United Space Alliance, L.L.C.*, 378 F.3d 482, 486 (5th Cir. 2004).

[2] *See Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 667 (Tex. 1987) (holding that if multiple interpretations are reasonable, courts favor the insured's); *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex. 1984) (holding that if only one interpretation is reasonable, it controls).  Under Texas's "eight corners" doctrine, we compare the words of the policy with the claims in the complaint; if any claim is potentially covered, the insurer must defend.  *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997).

[3] Dr. Gonzaba's argument noting that the phrase "persons or organizations" in the exclusion mirrors that in the "Receiver of Assets" section is simply unconvincing, partially because that same phrase also exists in the "Co-owner" section.

to the contrary, it would insure every natural person beneficiary for all their business pursuits, regardless of the pursuits' relation to the Gonzaba Trust.[4]  Furthermore, it seems clear that another exclusion in the provision, that excluding claims for "bodily injury to any *fellow* employee or executive officer," applies to all four categories of protected persons, not just Receivers of Assets.[5]  Consequently, the only reasonable interpretation is that the policy covers only claims "related to or arising from fiduciary property."[6]  Because the libel and slander claims do not relate to or arise from any fiduciary property, as Gonzaba implicitly concedes by not arguing to the contrary, the district court was correct in concluding that St. Paul did not have to defend those claims.[7]

---

[4] Appellants argue that that the protection of beneficiaries is limited because non-natural beneficiaries are covered only for "injury or damage in connection with fiduciary property."  But that limitation - limiting only non-natural beneficiaries - is not much of one, and still results in one group - natural person beneficiaries - having coverage without limitation, contradicting the prefatory phrase.  Appellants also argue that our interpretation would render the distinction between natural and non-natural beneficiaries meaningless.  Not so, for while both are insured only for *business pursuits* "related to or arising from fiduciary property," the latter is insured only for *injury or damage* "in connection with fiduciary property," while the former's coverage is not so limited.  The two limitations are not necessarily identical.  We note also that the primary policyholder here, as trustee of the Gonzaba Trust and many others, is Chase Bank; consequently, Appellants' interpretation would mean that all natural person beneficiaries for all Chase's trusts are covered for all their business pursuits.

[5] Emphasis added.

[6] *See Puc*kett, 678 S.W.2d at 938.

[7] Appellants also argue briefly that the exclusion is inapplicable because Kanafani's libel and slander allegations do not relate to any "business pursuit."  We are unpersuaded - the allegations, though seemingly personal, relate to the heart of Klafani's case, one centered on a business dispute.

Second, Appellants argue the policy covers Kanafani's "loss of use" claim against them.  This interpretation is unreasonable because the policy only covers loss of use resulting from an "accident," and the alleged cause of loss of use here, Appellants' deliberate acts, is not an "accident."  Indeed, Kanafani's petition alleged that Dr. Gonzaba's improper sale of the property, and Appellants' consequent *de facto* exclusion of Kanafani from his use and share of the property, was done "intentionally, knowingly, maliciously, and fraudulently."[8]  There is no hint of an "accident."

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[8] Appellants argue in their reply brief that Kanafani did not specifically allege Appellants' state of mind until his Tenth Amended Petition, which also removed the Gonzaba Trust as a defendant, hence St. Paul cannot rest its refusal to represent the Trust on that basis.  However, what Kanafani was alleging was clear from his earliest petition: that Appellants' deliberate, improper transfer of the property from Dr. Gonzaba to the Trust harmed him.  Indeed, Appellants themselves urge us to look past another supposed anachronism - that Kanafani did not allege loss of use until his Thirteenth Amended Petition, after the Trust had been dropped as a defendant - for the same reason.  They cannot have it both ways.  Appellants also argue in their reply brief that St. Paul had to defend the Trust (even if not Dr. Gonzaba) because none of Kanafani's petitions allege that the Trust acted intentionally, only Dr. Gonzaba.  But the Trust acted almost exclusively through Dr. Gonzaba, of course, evident from a correct reading of the petitions.  The Fourth Amended Petition, for instance, stated that Dr. Gonzaba acted through the Gonzaba Trust in breaching a fiduciary duty.  Appellants' own conflation of Dr. Gonzaba and the Trust underscores the point: in their blue brief they argued that St. Paul had to defend Dr. Gonzaba against the loss of use claim, waiting until their reply brief to argue that St. Paul owed a special, separate duty to the Trust based on its supposed lack of intent.  The key point is simple: Kanafani never alleged an "accident."