IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-60384
Summary Calendar

ALLSTATE INSURANCE COMPANY

Plaintiff-Appellee

v.

EARL PIERCE[*]

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:05-CV-0669

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[**]

Plaintiff-appellant Robert Pierce was an employee of the Mississippi Bureau of Narcotics ("MBN"). Frank Melton was the director of the MBN at the time of the underlying events in this case. Pierce sued Melton. According to Pierce's complaint against Melton for intentional infliction of emotional distress, negligent infliction of emotional distress, gross negligence, and libel and slander, on April 17, 2003, Melton intentionally disseminated to the press a highly

---

[*] Robert Pierce is the only remaining appellant in this case after Frank Melton was dismissed from this case for want of prosecution.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

confidential MBN memorandum with false information about Pierce. Melton allegedly knew of the falsity of the information. On November 3, 2005, Defendant-appellee Allstate Insurance Company ("Allstate") filed the present declaratory action requesting the district court to declare that as to Pierce's allegations, there is no coverage for, and no duty to defend, Melton under any of the three separate policies issued to him: a Mississippi home-owners policy, a Texas home-owners policy, and a personal umbrella policy. The district court dismissed the case on summary judgment in favor of Allstate. Pierce appeals the district court decision only as to coverage and duties under the Umbrella Policy.

The Umbrella Policy has two related business exclusions. First, the Umbrella Policy states: "[a]ctivities related to any business or business property of an insured are not covered." (emphasis added). The Umbrella Policy also excludes "any occurrence arising out of a business or business property." (emphasis added). The Policy defines "business" as "any full or part-time activity of any kind engaged in for economic gain." The district court concluded that the intentional leaking of a confidential memo was "related to" Melton's business, which was his salaried job as the director of MBN. "The interpretation of an insurance policy, like any contract, is a legal question reviewed de novo." Leonard v. Nationwide Mut. Ins. Co., 499 F.3d 419, 428 (5th Cir. 2007).

Melton's job was an activity engaged for economic gain, i.e. his salary, and therefore, by definition, a "business" under the terms of the policy. Whether or not MBN is a itself business is not relevant. Even if one business exclusion may exclude more activity than the other, the business exclusions are compatible - they both exclude an overlapping set of personal activities - so, there is no conflict between the exclusions. As there is no ambiguity, the court is not required to interpret what is the plain meaning of these exclusions. See Miss. Farm Bureau Mut. Ins. Co., 908 So. 2d 765, 769 (Miss. 2005); Aero Int'l, Inc. v. United States Fire Ins. Co., 713 F.2d 1106, 1109 (5th Cir.1983) ("Without an

affirmative expression of an overriding public policy by the Mississippi courts or legislature, we are constrained to enforce the parties' agreement according to its plain meaning."). As the appellant rightly concedes, "arising out of" is usually interpreted very broadly in the insurance context.  Am. States Ins. Co. v. Bailey, 133 F.3d 363, 370 (5th Cir. 1998) ("When an exclusion precludes coverage for injuries 'arising out of' described conduct, the exclusion is given a broad, general, and comprehensive interpretation.  A claim need only bear an incidental relationship to the described conduct for the exclusion to apply. . . . The words are understood to mean 'originating from,' 'having its origin in,' 'growing out of' or 'flowing from.' ") (internal quotations omitted); see also Gonzaba v. St. Paul Fire and Marine Ins. Co., 179 F. App'x. 218 n.7 (5th Cir. Apr. 27, 2006) (unpublished).  Melton's actions that triggered Pierce's lawsuit flow from his occupation, and under a broad interpretation of "arising out of," his actions squarely fall within the business exclusion.

Therefore, the Umbrella Policy does not cover the underlying acts, and the district court's judgment is hereby AFFIRMED.