For this error, the judgment will be reversed, and the cause remanded.

---

ÆTNA INS. CO. v. LEWIS.     (No. 5907.)*

(Court of Civil Appeals of Texas. Austin. June 5, 1918.)

1. INSURANCE ⬤⇒319(1)—WARRANTIES.

Where a policy insured a gin plant, including buildings and personal property, failure to operate gin during ginning season, as provided in a promissory warranty clause, voided policy as to buildings, but not as to personal property, unless the breach increased the hazard or contributed to the loss. Vernon's Sayles' Ann. Civ. St. 1914, art. 4874a.

2. INSURANCE ⬤⇒319(1) — CONSTRUCTION OF POLICY.

A clause, in a fire insurance policy covering a gin plant, that policy should be void if building described become vacant or unoccupied for ten days, could mean no more than that building should be used for purpose of ginning during ginning season.

3. INSURANCE ⬤⇒319(1)—FIRE INSURANCE— WARRANTY.

Under a fire policy covering a gin plant, assured warranting to operate gin plant during ginning season, it was no defense, regarding failure to operate plant during a season, that crop was so short that plant could not have been operated without loss.

Appeal from District Court, Hamilton County; J. H. Arnold, Judge.

Action by J. V. Lewis against the Ætna Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed in part, and in part reversed and rendered.

Thompson, Knight, Baker & Harris and Will C. Thompson, all of Dallas, for appellant. A. R. Eidson, of Hamilton, for appellee.

### Findings of Fact.

JENKINS, J. On May 5, 1916, appellant issued to appellee an insurance policy for 12 months, as follows: $350 on cotton gin building, valued at $1,000; $50 on frame boiler room, valued at $200; $900 on machinery, valued at $2,750; and $600 on engine and boiler, valued at $1,750. Total value of property, $5,700; total insurance, $1,900. It was stipulated in the policy that all the property therein insured, except the buildings, was agreed by the parties to be personal property. The policy contained, under the head of "Warranties by the Assured," the following:

"*Operation of Gin Plant.* That the property described herein will be in active operation during the ginning season, and that no machinery on storage, or not installed for use in said gin, is covered under this policy."

The warranty clause contained an agreement that the breach of any of the undertakings therein should render the policy null and void, unless a waiver of such breach was indorsed on the policy, and extra premium paid for the increased hazard. The owner of the gin owned another gin situated within a mile thereof. On account of short cotton crop, he did not operate the gin which was insured during the cotton season of 1916. The evidence showed that, while the crop was very short, there was some cotton, perhaps about 50 bales, situated nearer this gin than any other, and which would have probably been ginned thereon had it been in operation. The ginning season opened in August and closed about November 1st. The fire occurred December 20th.

### Opinion.

[1] It is the contention of appellant that the policy was voided by failure to operate

---

the gin as contained in the promissory warranty clause. We sustain this contention, in so far as it involves the buildings, one of which was insured for $350, and the other for $50; but we overrule it as to the machinery, for the reason that the same was agreed in the policy to be personal property, and the evidence shows that it was. The promissory warranty clause in the policy does not apply to personal property, unless the breach thereof increased the hazard, or contributed to the loss. Vernon's Sayles' Ann. Civ. St. art. 4874a. This issue was submitted to the jury, and they found thereon in favor of appellee. The evidence sustained such finding. It is well established, by the decisions of this state and elsewhere, that a breach of promissory warranty voids a policy, and, as this rule of law is not changed by statute in this state as to real property, we hold that appellee cannot recover as to the houses.

[2] Appellant further insists that the policy was rendered void by reason of the following clause:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied, and so remain for ten days."

Appellant's assignment with reference to this proposition is that:

The "undisputed evidence shows that the buildings described in the policy, and each of them, were unoccupied during a time when they were required to be occupied, and so remained for ten full days."

It is apparent from this assignment that appellant does not contend that the buildings should have been occupied at all times, but only "during a time when they were required to be occupied." The building being a gin, it was not in contemplation of the parties that it should be occupied, in the sense that any one should reside or do business therein. This reference to occupancy can mean no more than the building should be used for the purpose of ginning during the ginning season.

[3] It is the contention of appellee that the promissory warranty as to ginning was not breached, for the reason that there was no ginning season during the year 1916, the period covered by the policy. In support of this he argues that, inasmuch as the evidence shows that only about 50 bales would have been ginned on this gin, it would not have paid to operate it, and therefore, as to that gin, there was no ginning season. We do not concur in this view of the matter. Appellee warranted that the gin should be in operation during the ginning season, and the fact that to operate it would have incurred a loss on his part does not change his obligation incurred by the warranty clause.

Appellee in the court below recovered judgment for $2,000. The judgment of the trial court is here reformed, so that appellee shall recover judgment for $1,500, the value of the machinery, with 6 per cent. interest from the date of the judgment in the court below, and that he shall take nothing by reason of the destruction of the gin buildings. As thus reformed, the judgment of the trial court is affirmed.

Affirmed in part, and in part reversed and rendered.