United States Court of Appeals
Fifth Circuit

**F I L E D**

January 18, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-40913
Summary Calendar

JAMES BARLOW; DEBRA PEVETO,

Plaintiffs-Appellants,

versus

ALLSTATE TEXAS LLOYDS,

Defendant-Appellee.

**Appeal from the United States District Court
for the Eastern District of Texas
(1:05-CV-131)**

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Claiming genuine issues of material fact, James Barlow and Debra Peveto contest the summary judgment awarded Allstate Texas Lloyds on their claims under the Texas Insurance Code and Texas Deceptive Trade Practices Act, for breach of duty of good faith and fair dealing, and for breach of contract.

The dispute arises from Barlow and Peveto's homeowners insurance policy issued by Allstate Texas Lloyds. It states: the residence is vacant "[i]f the insured moves from the dwelling and

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a substantial part of the personal property is removed from that dwelling"; and coverage will be suspended 60 days after a dwelling becomes vacant.

Barlow and Peveto claim their residence was *not* vacant when it was damaged by fire and seek full payment of their claim under the policy (they received partial payment). Allstate Texas Lloyds asserts: the policy was suspended at the time of the fire because the house had been vacant for more than 60 days; and it has fulfilled its payment obligation.

A summary judgment is reviewed *de novo*, viewing the record in the light most favorable to the non-movant. FED. R. CIV. P. 56(c); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 163-64 (5th Cir. 2006). Summary judgment is proper if the pleadings and discovery on file show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Under Texas law, which applies because this is a diversity action, an insurance policy is interpreted in the same manner as any other contract. *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 n.3 (5th Cir. 2001). "The interpretation of an insurance policy is a question of law." *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996).

2

Allstate Texas Lloyds carried its summary-judgment burden by identifying deposition testimony in which: Peveto stated she and Barlow had not lived in the house for approximately three months prior to the fire, and they were remodeling the bathroom; and Peveto and Barlow each stated that almost all of the furniture had been removed from the house. Based on this evidence, the policy had been suspended due to the residence being vacant. *See* **Celotex Corp.**, 477 U.S. at 323. Accordingly, Peveto and Barlow were required to "set forth specific facts showing that there is a genuine issue for trial". FED. R. CIV. P. 56(e).

Their response to the summary-judgment motion included an affidavit in which Peveto claims: her prior deposition testimony was incorrect due to faulty memory; she and Barlow had moved out of the house less than a month before the fire; and the electricity and water remained on and furniture remained in the house, in addition to the tools and refrigerator previously testified to as being present at the time of the fire. Barlow submitted an affidavit summarily agreeing with Peveto's.

Peveto and Barlow's affidavits fail to show there is a genuine issue of material fact. Self-serving assertions contradicting previous testimony are insufficient evidence to overcome a summary-judgment motion. **S.W.S. Erectors, Inc. v. Infax, Inc.**, 72 F.3d 489, 496 (5th Cir. 1996).

3

Because no coverage existed under the homeowners policy due to vacancy, summary judgment on the breach-of-contract claim was proper. And, because Barlow and Peveto's other claims were premised upon the existence of the policy, summary judgment on those claims was also proper.

*AFFIRMED*

4